**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALFRED SUWARDI (A# 078 781 254), | |
|    8945 Idlewild Dr.<br>   Highland IN 46322 | Case No. 1:18-cv-6368 |
|    Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536 | |
| KIRSTJEN NIELSEN, Secretary of the<br>Department of Homeland Security, | |
| Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528 | |
| L. FRANCIS CISSNA, Director of the<br>United States Citizenship and Immigration<br>Services, | |
| Serve:  U.S. Citizenship & Immigration<br>       Services<br>       425 I. Street, N.W., Room 6100<br>       Washington, D.C. 20536 | |

MIRASH "MICK" DEDVUKAJ, Director of
the Chicago District Office of the United
States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
        Services
        10320 NW Prairie View Road
        Kansas City, MO 64153

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION FOR RENEWAL OF WORK AUTHORIZATION

COMES NOW Plaintiff Alfred Suwardi to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed renewal application for employment authorization.

## PARTIES

1.      Plaintiff Alfred Suwardi is a citizen of Indonesia.  He was born in February of 1974.  He currently resides in Highland, Indiana.

2.      Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the legal provisions governing applications for renewal of employment authorization and conducting background and security checks.

3.      Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for processing petitions applications for work authorization by immigrants such as Plaintiff.

2

4.    Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS. Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

5.    Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.  Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

6.    Defendant Mirash "Mick" Dedvukaj, Director of the Chicago District Office of the USCIS, is the highest ranking official within the Chicago District Office.  The Chicago District Office maintains jurisdiction over applications for employment authorization for immigrants in several states, including those in northern Indiana such as Plaintiff.  Dedvukaj is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Dedvukaj is sued in his official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

7.    This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 *et seq.*, and the APA, 5 U.S.C. § 701 *et seq.*, in

3

conjunction with the Mandamus Act, 28 USC § 1361.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendant USCIS maintains its District Office and the office of Defendant Dedvukaj within this judicial district and this is the office responsible for adjudicating Plaintiff's delayed application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     On February 25, 2009, an immigration judge granted Plaintiff withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act.

10.     Federal law allows individuals such as Plaintiff who have been granted withholding of removal to receive work authorization in the United States.

11.     Plaintiff has regularly and routinely applied for and received work authorization since 2009.

12.     On January 12, 2018, Plaintiff filed for a renewal of his prior work authorization card.  The case was assigned case number MSC1890487906.

13.     USCIS recently instituted a policy of granting automatic 180 day extensions of previously-approved work authorization.   As such, Plaintiff had valid employment status through July 12, 2018.

14.     Plaintiff has not been able to renew his work card and has not been able to work legally in the United States since his work authorization expired.  Moreover, he has not been able to obtain a state driver's license as Indiana requires proof of valid

immigration status to obtain such a license.

15.     Defendants have failed and refused to adjudicate Plaintiff's renewal applications for work authorization.

16.     Plaintiff has made numerous calls to the 1-800 help line for Defendant USCIS to try and get the agency to take action on his long-pending renewal application. These calls have not resulted in a decision on his case, nor have the Defendants indicated when, if ever, a decision would be made.

17.     Defendant USCIS maintains a system called InfoPass that allows individuals like Plaintiff to visit the local USCIS sub-office and obtain information regarding their case.  Plaintiff made multiple InfoPass appointments at USCIS to try and obtain more information regarding his case, but the Defendants have provided no information on their situation.

18.     Plaintiff also contacted the Ombudsman for Defendant USCIS and filed a request for assistance from the Ombudsman.  The office of the Ombudsman has been unable to provide any information as to when, if ever, Plaintiff's applications will be adjudicated.

19.     The inability to obtain work authorization is producing a hardship upon the Plaintiff in that it is severely impacting his ability to work and earn a living and is causing him stress, anxiety and worry.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For his first claim for relief against all Defendants, Plaintiff alleges and states as follows:

20.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

21.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. A violation of this duty is a sufficient basis for mandamus relief.

22.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23.     The Defendants claim that Plaintiff's work authorization applications is currently undergoing "administrative processing" and/or "background check."

24.     The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of adherents of Islam and/or women and men from predominantly Muslim countries due to alleged security concerns.

25.     On information and belief, Plaintiff alleges that the DHS, USCIS, and the Chicago District Office of the USCIS are intentionally delaying a decision on Plaintiff's renewal pursuant to the CARRP program. Plaintiff alleges that this delay is due to his background from a predominantly Muslim country. This is true despite the fact that Plaintiff has repeatedly cleared the prior background check on his original grant of trawork authorization.

26.     Since 2008, the Defendants have used CARRP—an internal policy that

has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

27. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

28. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

29. Plaintiff alleges that their application has been in administrative processing beyond a reasonable time period for completing administrative processing of their request for work authorization.

30. The combined delay and failure to act on Plaintiff's request for work authorization is attributable to the failure of Defendants to adhere to their legal duty to

avoid unreasonable delays under the INA and the applicable rules and regulations.

31.     There are no alternative adequate or reasonable forms of relief available to Plaintiff.

32.     Plaintiff has exhausted all administrative remedies available to him in pursuit of a resolution of this matter, including repeatedly requesting the processing of his case with the USCIS, the ombudsman and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For his first claim for relief against all Defendants, Plaintiff alleges and states as follows:

33.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

34.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

35.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

36.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of earning capacity, as well as the enjoyment of life.

**REQUEST FOR RELIEF**

WHEREFORE Plaintiff requests the following relief:

1.      That this Honorable Court assume jurisdiction over this action;

2.      Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3.      Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit applications;

4.      Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5.      That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.      That this Honorable Court issue a writ of mandamus compelling Defendants to grant work authorization to the Plaintiff;

7.      That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the visa application;

8.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

9.     Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 19th of September, 2018

By ***/s/ James O. Hacking, III***
James O. Hacking, III, MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**